BOWLER v. ENNIS et al.

(Supreme Court, Appellate Division, Second Department. December 12, 1899.)

1. PROCESS—SERVICE BY PUBLICATION—JURISDICTION.
   Under Code Civ. Proc. § 440, providing for service by publication, a court has no jurisdiction to render judgment in an action against one, attempted to be served by publication, who fails to appear, where the published summons was directed to "above-named defendants," and defendant's name did not appear in the title of the action as published, though the notice of service filed with the clerk as required by Code, § 442, stated that the summons was served on him by publication.

2. COURTS—PRESUMPTION OF JURISDICTION OVER THE PERSON.
   When it affirmatively appears that any essential step necessary to confer jurisdiction over the person served by publication was omitted, and judgment was rendered against him without appearance, there is no presumption in favor of jurisdiction.

3. PARTITION SALE—RIGHTS OF PURCHASER—DEFECTIVE PROCEEDINGS.
   An order to compel a purchaser at partition sale to complete the same will not be granted where one of the defendants in the partition suit made no appearance, and the summons served by publication was not addressed to him, and the published summons was not a true copy of the original.

Appeal from special term, Kings county.

Action by Margaret Bowler against Philip Brandmeier and others. From an order denying a motion to compel defendant Brandmeier to complete a purchase of real estate at a referee's sale thereof, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George Gru, for appellant.

Thomas E. Pilsworth, for respondent.

WOODWARD, J. The order appealed from should be affirmed, as it is no part of the duty of the courts to compel a purchaser to accept an unmerchantable title, and it is not clear that the referee in the present instance is prepared to convey the property free from doubt upon this point. This action was brought for partition, and was prosecuted to interlocutory judgment, the premises being sold to Philip Brandmeier, who made a small payment at the time of the purchase, and who now refuses to complete the same upon the grounds that the summons in the action, which was ordered to be served upon one John McCarthy by publication, did not, in the published summons, contain the name of the said McCarthy; that in the notice accompanying the summons the name of John McCarthy appeared as John McCarty; and that, the court never having acquired jurisdiction of the defendant, the referee is powerless to give an indefeasible title.

Without passing upon the question of whether the error in spelling the name of McCarthy would have any bearing upon the matter if the name had thus appeared in the published summons, we think it is clear that where the summons is served by publication, and where the defendant does not appear, it is necessary to the jurisdiction of the court that the names of all the defendants shall have a place in the title to the action. The summons is addressed "To the Above-Named

Defendants," and the defendant is not called upon to read the accompanying notice, to discover that he is summoned, nor would it be notice to him. The mere fact. that the notice declares that the "foregoing summons is served upon you by publication," etc., does not make it appear to the defendant McCarthy that he is summoned to appear and answer, for the summons itself is addressed' to other persons; and he has the same right to assume that an error has been made in the notice that he would have to suppose that his name has been omitted from the title of the action. The service of a summons by publication upon a person without the jurisdiction of the court is in derogation of the common-law rights of the individual, and the method pointed out by the statute must be strictly followed, unless the defendant shall have appeared in the action, in order to give the court jurisdiction. Ricketson v. Richardson, 26 Cal. 149, cited with approval in Galpin v. Page, 18 Wall. 350, 369, 21 L. Ed. 959. Section 440 of the Code of Civil Procedure directs that in cases of this character the order of the court "must direct that service of the summons, upon the defendant named or described in the order, be made by publication thereof in two newspapers," etc. Obviously, if the summons is to be served by publication, it must be the same summons which is filed in pursuance of the provisions of section 442 of the Code of Civil Procedure; and the omission of the name of one of the defendants who is thus to be served with the summons by publication, in the published copy of the summons, is not a compliance with this provision. In the recent case of Stuyvesant v. Weil, 41 App. Div. 551, 58 N. Y. Supp. 697, in the foreclosure of a mortgage, a summons was served personally upon Mary J. Stockton, whose name appeared in the summons as Emma J. Stockton; and, the defendant not appearing, the name was afterwards corrected by an ex parte order made upon an affidavit. In an action to compel the specific performance of a contract to convey a title to the property, or to refund the amount already paid, the court held that the title derived under the judgment was not free from reasonable doubt, nor was it marketable. In the course of the opinion handed down by the court the rule was quoted with approval, that:

"When the record of a court of general jurisdiction discloses nothing in regard to the service of process or notice, and no evidence is given upon the subject, jurisdiction over the person will be presumed, because the record itself imports sufficient proof of jurisdiction, without disclosing the different steps by which such jurisdiction was acquired. When it affirmatively appears, however, that any essential step was omitted, the presumption in favor of jurisdiction is destroyed, and a presumption against jurisdiction at once arises."

In the case at bar it affirmatively appears that the defendant McCarthy was never served with a true copy of the summons by publication, and that his name was not among those to whom the summons was addressed; and we are of opinion that the referee is not prepared to give such a merchantable title as Mr. Brandmeier had a right to demand, and that the court below was justified in denying the motion to compel a completion of the purchase.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.