JAMES J. ROCKEFELLER, Plaintiff, *v.* HENRY F. HEIN, Defendant.

Supreme Court, Special Term, Queens County. May 9, 1941.

*John M. Wilson*, for the plaintiff.

*Langsam & Langsam*, for the defendant.

HALLINAN, J. Two motions: (a) By the defendant appearing specially, to vacate the summons and (b) by the plaintiff to amend it.

It appears that the defendant was served on April 11, 1941, with a printed form of summons from which was omitted the name of the defendant. The blank spaces are filled in in the same handwriting but no defendant whatsoever is designated, the space therefor being blank. On the reverse side of the summons and in the same handwriting there is the name of the plaintiff, the attorney's name and address; but in a different handwriting the following appears above the word " Defendant: " " Henry Heind, 183-11 144 Ave., Springfield Gardens, L. I."

The precise question to be determined is whether this process served upon Henry F. Hein appearing specially is jurisdictionally defective. If thus defective, there is no doubt that even under the broad and liberal language of section 105 of the Civil Practice Act, the court could not correct the process by amendment. Rule 45 of the Rules of Civil Practice provides in part: " The summons must state the court in which the action is brought, the names of the parties, and, if in the Supreme Court, the county which the plaintiff designates as the place of trial."

It is settled that the court may permit amendment where there is a misnomer or some defect in the designation. (See 1 Wait's New York Practice, [4th ed.] 700, and the authorities there cited.) But in the instant case there is not merely a misnomer but a complete absence of the name of the defendant in the summons, which,

in my opinion, renders it completely defective, notwithstanding that someone other than the person who prepared the summons has filled in on the back of the printed form the name of a defendant, which though similar to that of the defendant herein, is not spelled the same way and contains no initial. While there is no doubt that the party served was the defendant intended and is the person now moving specially, the failure to designate him in any manner in the summons itself is a defect so fundamental that it cannot be subsequently remedied by the court.

The court has been unable to find any authority supporting the plaintiff's contention that the defect here involved is merely an irregularity which may be corrected by the court. The only decision found dealing with the omission of a defendant's name in a summons is that of the Appellate Division, this department, in *Bowler* v. *Ennis* (46 App. Div. 309), and that decision supports the determination here made. There a summons in a partition suit, published pursuant to an order of publication, omitted the name of the defendant on whom the summons was directed to be served by publication, and who did not appear in the action. Subsequently upon an application to direct the purchaser at the partition sale to complete the purchase, the question was raised as to whether the defect above described rendered the title unmarketable. The court held that it did, stating: " * * * we think it is clear that where the summons is served by publication, and where the defendant does not appear, it is necessary to the jurisdiction of the court that the names of all the defendants shall have a place in the title to the action. The summons is addressed ' To the Above-Named Defendants,' and the defendant is not called upon to read the accompanying notice to discover that he is summoned, nor would it be notice to him. The mere fact that the notice declares that the ' foregoing summons is served upon you by publication,' etc., does not make it appear to the defendant McCarthy that he is summoned to appear and answer, for the summons itself is addressed to other persons * * *."

In the instant case no complaint or any other notice accompanied the summons, and no defendant was named therein. The notation of a name similar to that of defendant's on the back thereof is not part of the process; it was probably placed there by a clerk, or by the process server himself for the purpose of service. Such a process does not satisfy the requirement of rule 45 of the Rules of Civil Practice, and did not give the court jurisdiction of the person served.

Accordingly, the motion to vacate is granted, and the motion to amend denied.

Submit orders.