MARCEL M. HOLZER, Plaintiff, *v.* DEUTSCHE REICHSBAHN GESELL-SCHAFT, Defendant.*

Supreme Court, Special Term, New York County, April 10, 1936.

*Wachtell, Manheim & Grouf*, for the plaintiff.

*Child & Handel*, for the defendant.

McCOOK, J.   Motion to vacate an attachment on defendant's property, chiefly office furniture, on the ground of (1) sovereign immunity of defendant Reichsbahn; (2) failure to state a cause of action and disclosure of no cause of action; (3) lack of jurisdiction to issue order of publication; (4) that defendant is not doing business in this State.

---

* See 159 Misc. 830.

The claim of sovereign immunity will be instantly recognized, and operates as soon as interposed to end the proceedings. For a court to act on any other assumption would constitute an intolerable insult to a friendly government. However, such a claim must be properly and explicitly raised. Dependence is had upon an affidavit by the consul general of Germany, at New York, who says merely: " With the sanction and by special request of the Government of Germany, I have been authorized to engage Childs & Haendel Esqs., of New York City, as attorneys to appear specially in this action in behalf of the said government." He is not, says Mr. Justice STORY, writing in *The Anne* (3 Wheat. 435, at p. 445; 4 L. Ed. 428), " considered as a minister, or diplomatic agent of his sovereign, intrusted, by virtue of his office, with authority to represent him in his negotiations with foreign states, or to vindicate his prerogatives."

Though any one may be intrusted with such a mission, he must prove his authority unless it is to be presumed from his office; moreover, the claim of sovereign immunity must be clear and unmistakable. These necessary elements are both lacking here.

While this objection to the claim of sovereign immunity is technically sufficient, the court desires to explore further any basis for such a claim. The affidavit of Dr. Topken cites, in support of the asserted immunity, article II of the Treaty of August 25, 1921, between the United States and Germany Restoring Friendly Relations, which incorporates certain provisions of the Treaty of Versailles, and more particularly article 281 of part X, section I, chapter V, reading as follows: " If the German Government engages in international trade, it shall not in respect thereof have or be deemed to have any rights, privileges or immunities of sovereignty." (See 41 U. S. Stat. at Large, 1939; 3 Malloy's Treaties, Conventions, etc., 3331.) The affiant then observes: " It appears from the affidavit of Ludwig Bauer, verified March 10, 1936, herein that the Reichsbahn is owned by the German Government, is not a commercial enterprise and is not engaged in international trade with the United States."

Mr. Bauer is not a lawyer, and Mr. Topken's selection of words may or may not be significant in the light of what I shall subsequently observe as to the proof relating to the organization and operation of the Reichsbahn and its relation to the Reich. At all events, he fails to say that the German government does not " engage(s) in international trade," the language of the treaty.

One of the principal endeavors of the movant is to persuade the court that the Deutsche Reichsbahn Gesellschaft is not a private corporation, but only a department of the German government.

The affirmative, supported by expert opinion, is met and answered by other expert opinion. The truth cannot be ascertained upon affidavits. This particular dispute in itself sheds an interesting light on the assertion of the defendant Reichsbahn that the property seized is that of the Reich and the previously noted constructive qualification of allegations respecting international trade by the German government as compared with the specification that the Reichsbahn is not a commercial enterprise and is not engaged in international trade with the United States or doing business in the State of New York.

This court must decline to recognize the sovereign immunity of the defendant Reichsbahn.

The motion seeks the dismissal of the complaint, which contains two causes of action: (1) Breach of contract by reason of discharge based solely on plaintiff's Jewish race, and (2) money due on the same contract because of six months' internment by governmental authority without indictment or trial. The moving papers admit the discharge, and attempt to justify and excuse it through the alleged mandatory nature of the so-called non-Aryan laws of Germany; they do not deny the internment, but argue that it did not constitute " disability " under the terms of the contract, thus questioning the plaintiff's translation of the German words so rendered. Evidently, under the notice of motion, this application rests, in part at least, upon supposed infirmities in the complaint as well as the other attachment papers.

No answer has yet been interposed, so we have no issue on the pleadings. Such issues as are attempted to be raised, on this head as well as the one previously discussed, involve disagreement as to questions of German law.

The principles applicable to this motion, with the exception of the point relating to sovereign immunity, were raised in a previous motion to vacate the same attachment in the same action, which was denied by Mr. Justice McLAUGHLIN (160 Misc. 487) with a unanimous affirmance by the Appellate Division. (*Holzer* v. *Deutsche Reichsbahn-Gesellschaft*, 247 App. Div. 786.) Examination of the papers on appeal and the briefs discloses that this complaint was before both courts, passed upon and sustained. With the single exception noted, therefore, the Appellate Division's decision constitutes the law of the case and is binding upon this court.

It was not incumbent upon the plaintiff, in resisting an attack upon the attachment, to substantiate his contentions as to the German law. That burden in this, as in all other respects, was upon the moving defendants, and such burden they have utterly failed

to sustain. The court need not discuss the contention of plaintiff that the non-Aryan laws and decrees of the German government should not be given effect because of their repugnance to established principles of the American law.

Motion denied. Defendants may have ten days to appear, answer or otherwise move.