Arthur Markewich, J.
Motions numbers 2, 3, 4 and 128, same calendar, in each of which permission is sought to submit a brief amicus curiae, are consolidated herewith for disposition; each such motion is granted, as well as two similar motions made orally upon the argument by other intervenors, and such briefs have been read upon this motion and are placed on file herewith.
Petitioner board seeks to prohibit respondent commission from continuing an investigation into certain alleged discriminatory employment practices at one of the institutions under petitioner’s control, and, further, to annul those proceedings already taken in such investigation. There is no question here of the motivation of either side; the parties, the amici curiae, the court — indeed the community — are as one in the firm belief that discrimination in employment is an evil which is to be eradicated from our midst.
There is no issue before the court as to whether the inquiry heretofore carried on by petitioner into the subject matter of the investigation was adequate or inadequate, proper or improper. Respondent’s right or duty to investigate does not hinge upon what petitioner did or did not do by Avay of inquiry. Respondent’s authority to act did not derive from any power of review of petitioner’s investigation. If respond *991 ent does have the authority to make the investigation here complained of, it may do so even though its every act is in duplication of what petitioner itself has done.
The narrow question before the court, then, is whether respondent does possess-such power. The court finds it does not, and grants petitioner’s application.
Whatever power or authority respondent enjoys must be found in the Law Against Discrimination (Executive Law, §§ 290-301). Under this law, petitioner must, for cognizance to be taken by respondent of its activities, be an employer, which the court holds it is not. Since its enactment in 1945, and surviving intact at least half a dozen amendments thereafter, the statute has provided that the term “ employer ” does not apply to an educational corporation not organized for private profit (§ 292, subd. 5). Petitioner is such a corporation (Education Law, § 6202), excluded from the purview of the act and, therefore, from respondent’s investigative jurisdiction. The history of the statute’s enactment so indicates affirmatively, and nothing is found to substantiate the claim that this exception was intended to apply only to private educational corporations.
The fact that the State Department of Education possesses complete jurisdiction over petitioner in the field of discriminatory employment practices, as well as in every other field, is not conclusive in ruling out respondent’s jurisdiction. Such jurisdiction in the department need not necessarily be exclusive. The Legislature could, had it been so minded, have vested parallel jurisdiction in respondent as well. It is not for the court to say that, because overlapping jurisdiction is conducive to duplication, collision of authority, and confusion, and hence undesirable, it does not exist. That would be for the Legislature to say, which apparently it did, for it is noted in the statute’s history (see affidavit of Mr. Tuttle of Dec. 5, 1960) that consideration was given, in respect of educational institutions, to the supervisory jurisdiction of the State Department of Education. This was one of the factors weighed in the enactment of the exception contained in subdivision 5 of section 292.
Respondent claims that it has heretofore, and, without opposition, exercised investigative powers as to petitioner and as to other boards and institutions under jurisdiction of the State Department of Education. This is disputed as a fact, but, assuming it to be so, a public body cannot acquire a nonexistent power because resistance to its exercise thereof is long delayed. Nor is it persuasive that, as claimed by respondent, commissions in other jurisdictions, operating under local statutes, have acted similarly. The power is either found in the creative statute or *992 it is not. If it is not, it does not exist, no matter Iloav laudable the motive in its attempted exercise, and no matter ■ how necessary or important the particular proceeding may seem.
Respondent, also justifies its activities by claiming them to fall under its so-called “ non-enforcement jurisdiction,” i.e., such activity as falls short of enforcement measures. As to this, it is sufficient to point out again that respondent cannot operate vis-a-vis petitioner unless petitioner is an employer, and petitioner is not an employer. No authority is found in any of the sections cited by respondent for it to do what is here found to have been done and planned to be done. While respondent may, it is true, conduct surveys and studies and make reports, no sanction is given for it to do so by means of investigative proceedings aimed at an employer excluded from the statute’s provisions. Respondent is not a legislative commission, and it may not exercise the powers of one.
One further point: it makes no difference, as claimed by respondent, whether the relief sought here (Civ. Prac. Act, art. 78) is called “prohibition” or wears some other label. Petitioner has established a right to have respondent stopped from doing what it has been doing, and to have- annulled what has been done in excess of authority; the form of these proceedings should not operate to restrict the granting of the relief (Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 683-684). An order is to be settled hereon Avhich Avill spell out those things which respondent is to do and to refrain from doing in consonance hereAvith.