Leonard J. Supple, J.
Defendant moves for summary judgment in a libel action. The sufficiency of the complaint in law has been tested on motion at Special Term and found sufficient. The Appellate Division affirmed (20 A D 2d 759). The allegations of the complaint were summarized by Mr. Justice Hoyt at Special Term in the following language:
“ Plaintiff corporation is engaged in the construction business. Defendant is executive director of urban renewal for the Village of Mount Kisco. On January 15,1962, the Board of Trustees of the Village designated plaintiff as tentative sponsor for the development of middle income housing in the Village. The designation was made subject to the approval of the plaintiff and its program by the appropriate governmental mortgaging agency. The State of New York Division of Housing and Community Renewal approved plaintiff as sponsor on April 23, 1962. Thereafter and until January 28, 1963, varied and numerous communications between the parties and the governmental mortgaging agency took place with respect to obtaining approval of plaintiff’s plan for the renewal project. On the latter date, defendant wrote a letter to the Board of Trustees of the Village recommending termination of plaintiff’s sponsorship of the renewal project. The letter included the following language, alleged to be libelous:
*612 “ ‘ Finally, the office of urban renewal is appalled at the utter disregard of decency, fair play and good judgment displayed by the tentative sponsor in the last several days in an effort to eloud the truth and bring great pressure to bear on honest and dedicated people in the Village.
1 ‘1 'The allegations and insinuations made by the tentative sponsor are without basis or foundation and are intended solely to discredit. Anyone having a real and sincere interest in this Village and its future would not participate in this brand of publicity.
“ ‘ Without doubt, this firm has seriously impaired its usefulness in any further deliberations and negotiations with the renewal office.’ ”
Defendant on this motion argues strongly and persuasively that since defendant was a public official and the alleged libelous statements were contained in a report he submitted in discharging the duties of his office, they were absolutely privileged (Sheridan v. Crisona, 14 N Y 2d 108; Smith v. Helbraun, 21 A D 2d 830).
The facts which would show the applicability of the doctrine of absolute privilege were alleged in the complaint. If such had been found applicable to this case, the motion to dismiss for insufficiency would have been granted, not denied (Smith v. Helbraun, supra, p. 831). The fact that Sheridan and Smith were decided after the appeal in the instant case makes no difference. It is too late to assert the doctrine of absolute privilege is applicable here since a contrary result was reached on the prior motion and such is now the law of the case (Holzer v. Deutsche Reichsbahn-Gesellschaft, 160 Misc. 597, affd. 252 App. Div. 729, mod. on another point 277 N. Y. 474).
Unlike the situation of absolute privilege, qualified privilege' must be pleaded by defendant. (Ostrowe v. Lee, 256 N. Y. 36.) The court believes the defendant in his first affirmative defense has properly pleaded such defense by alleging he is a public official, that he had a duty to report to the Board of Trustees of the village, that the alleged libelous words were contained in the report he was under a duty to make, and that he acted in good faith. While Ostrowe v. Lee (supra) says that defendant must also prove such a defense, a later ease (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 61) tells us that “ When defendant’s statements are presumptively privileged the rule is that, in order to render them actionable, it is ‘ incumbent on the plaintiff to prove that [they were] false and that the defendant was actuated by express malice or actual ill-will ’ ”. This means to this court that upon this motion, the defendant having *613 shown the public nature of the report, the burden of showing lack of good faith, i.e., malice, is upon the plaintiff, and if the evidence produced by plaintiff on this motion would not warrant submission of the issue of malice to the jury, the motion should be granted.
As evidence of malice, plaintiff refers to the use by defendant in a letter written to plaintiff of the words ‘ ‘ lolly pop sucking 5 ’ and “ itty bitty ”. That the quoted words indicated defendant’s exasperation and frustration with the relationship he then had with the plaintiff there can be no doubt, but it scarcely indicates willful intent to harm. As for the alleged falsity of some of the statements in the letter summarizing the history of the plaintiff’s role as tentative sponsor which contained the alleged libel, their truth or falsity can be assessed only subjectively since they constitute summary and conclusory expressions of opinion; for instance, “ The Village Board * * * made available * * * every opportunity possible to assist ” and another, “ The Village Board and renewal office extended to the sponsor at all times every consideration, courtesy and understanding possible ”. Even if false, they show no intent to injure as they must to show actual malice (Shapiro v. Health Ins. Plan of Greater N. Y., supra).
The court finds the plaintiff has not shown any facts which would justify a jury finding of malice. The motion will be granted.