William J. Sullivan, J.
In this action to recover damages for libel, defendant County of Nassau moves to dismiss the complaint on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7).
The plaintiff was formerly employed by the defendant County of Nassau as a security oEcer at the A. Holly Patterson Home for the Aged and Infirm during the period that the administration of the home was being investigated by Milton Lipson, the Commissioner of Accounts for Nassau County. On September *784 10,1964, Commissioner Lipson rendered a report of his investigation to Eugene H. Nickerson, the County Executive. The report charged the plaintiff with misusing county funds and with various acts of incompetency and dereliction in the duties of his office. The plaintiff was thereupon suspended from his job by his superior, John J. McManus, the Commissioner of the Department of Public Welfare, and served with a notice of hearing on the charges brought against him. He was found guilty of certain of the specifications after the conduct of the hearing and was dismissed from service.
The complaint herein sets forth three causes of action which seek to recover damages for the publication and dissemination by county officers of alleged false and defamatory information concerning the plaintiff that was contained in (1) the report filed by Milton Lipson with the County Executive; (2) the statement of charges made against the plaintiff by the Commissioner of Public Welfare; and (3) the report of findings submitted to the Commissioner of Public Welfare after the conduct of a hearing on the charges brought against the plaintiff, and statements by the Commissioner relative to such findings.
On this motion, the defendant contends that each report constituted a public record under section 2207 of the Nassau County Government Law (L. 1936, ch. 879, as amd.), and that their publication was absolutely privileged regardless of whether the information contained therein was false and defamatory. The plaintiff has not submitted a personal affidavit, and the affirmation furnished by his attorney simply concludes that the defense of absolute privilege must be pleaded and proved at the trial. Such affidavit raises no triable factual issues and does not preclude the court from awarding summary judgment under CPLR 3211 (subd. [c]) if the defense is maintainable as a matter of law.
Executive officers of a municipal government are entitled to the same immunity from the laws of libel that is extended to officials of the State government (Sheridan v. Crisona, 14 N Y 2d 108). The immunity is conferred upon considerations of public policy to secure the unembarrassed and efficient administration of justice and public affairs, and extends to the publication of false and defamatory matter provided the dissemination is made in the exercise of the executive officer’s public function and is relevant to a proceeding in which he is officially engaged (Cheatum v. Wehle, 5 N Y 2d 585, 592-593).
Under section 206 of the Nassau County Government Law, the Commissioner of Accounts is empowered to examine into “ the accounts, methods and activities of each department, insti *785 tution, office or agency of the county * * * without exception ” and is directed “to report to the county executive his findings thereon”. The Commissioner, when submitting a report to the Chief Executive of the county of his investigation of a county institution, is unquestionably fulfilling the express duties of his office imposed by law. Once such report is filed with the County Executive, the latter may undoubtedly release its contents or authorize its publication as a matter of public concern affecting the administration of county affairs. The dissemination of the report is therefore absolutely privileged under the doctrine enunciated in the Sheridan case (p. 114) regardless of whether the publication was motivated by malice or that the matter so published was false and defamatory.
The facts of this case do not require that the statements released by the Commissioner of Public Welfare be treated any differently. The information released by that official related to the conduct of a public employee in the department of government for whose administration the Commissioner was responsible (cf. Nassau County Government Law, § 1001). The communications constituted official documents formulated in the discharge of his official functions, and were pertinent to proceedings initiated by him as Commissioner of Public Welfare to insure the efficient administration of governmental affairs. Such documents enjoy the same absolute privilege that attaches to the Lipson report (cf. Thompson v. Union Free School Dist. No. 1 of Huntington, 45 Misc 2d 916).
In reaching the foregoing conclusions, a finding that the reports were public records within the purview of section 2207 of the Nassau County Government Law is not actually necessary, although it may be noted that such section has been characterized as another manifestation of the strong legislative policy to make available to public inspection by taxpayers all records or other papers kept in a public office whose secrecy is not enjoined by statute or rule (see Scott v. County of Nassau, 43 Misc 2d 648, 649).
The motion to dismiss the complaint is granted.