Estelle C. Duffy, Respondent, *v.* Frank F. Kipers, Appellant.

Fourth Department, June 30, 1966.

*Donald E. Robinson* and *Edmund Clynes* for appellant.

*Bernstein & Bernstein* (*Seymour Bernstein* of counsel), for respondent.

*Per Curiam.* Plaintiff-respondent, an appointed Deputy Town Clerk of the Town of Gates, Monroe County, recovered judgment against defendant-appellant, the Town Supervisor, for alleged libel and slander against her growing out of shortages of tax moneys. Appellant urges that there was no proof of malice and that he had an absolute privilege, by reason of his public office, to make the statements he uttered concerning the shortages. With this position we agree.

When the shortage of funds was discovered appellant, as was his duty, investigated the situation to determine responsibility for the loss. It is undisputed that part of respondent's duties was the handling of funds paid by residents in taxes and fees, although other employees also had access to the money and books. A reputable attorney, not a resident of the town, who

was too ill to testify and died shortly after the trial, was hired to investigate the situation. As a result of his investigation he advised the Town Clerk to discharge respondent. The Town Board, of which the appellant was a member by reason of being Supervisor, voted to dismiss respondent by a three to two vote, one of the dissenters being appellant. Respondent was immediately rehired in a lesser capacity, as a clerk, with a cut in pay.

Accepting respondent's version of what took place, she was summoned to a conference of some of the town officials and in her words the following happened: the Town Clerk told her "You're being dismissed — and I was stunned when he said there was a shortage of $300.— Then I looked at Mr. Kipers (appellant) — and he says, ' There is $300-and-some-odd dollars missing and you are going to have to make restitution '— So I looked at Mr. Kipers — and I said, ' Well, Mr. Kipers; are you calling me a thief.' He said, ' Well, yes, in that sense.' " It was later discovered that the shortage was about $4,600. There also appeared in a town newspaper a statement by appellant that funds were missing, that bonding covered the losses, and that investigations were being made. There was no reference in that news account to the respondent or to the dismissal of any employee. This paragraph contains the most favorable proof in support of respondent's case.

Appellant's trial attorney (not counsel on this appeal) did not allege in the amended answer in specific language the defense of absolute privilege, nor did he request a charge to that effect. The answer did, however, assert as distinct defenses that " Under the above circumstances the comments claimed to have been uttered by defendant would be justified." and that they were " fair comment made in good faith, without malice upon the said facts that were matters of public interest and concern ". The Trial Justice charged the doctrine of qualified privilege, but made no reference to absolute privilege. Neither party took any exception nor made any request to charge. Appellant's attorney made various motions to set aside the jury's verdict and for the first time asserted the principle of absolute privilege and called the court's attention to the decision in *Sheridan* v. *Crisona* (14 N Y 2d 108). All of appellant's motions were denied on the ground that they were not timely made.

The only question which must be determined on this appeal is whether appellant should prevail on the defense of absolute privilege. " A privileged publication is one made upon an occasion which, *really or apparently*, furnishes a legal excuse for making it. In the words ' really or apparently ' lies the distinction between publications which are absolutely and those

which are only qualifiedly privileged. In the case of absolute privilege, the occasion is a complete or absolute excuse." (Yankwich, Essays in the Law of Libel, p. 144.) Or as Professor Prosser put it: "privilege and truth — are complete defenses, avoiding all liability when they are established." (Prosser, Torts [3d ed.], § 109, p. 795.) The defense of qualified privilege must be pleaded and proved, while that of absolute privilege may be discerned from the facts alleged in the complaint itself (*Corwin* v. *Berkwitz,* 190 App. Div. 952; see, also, *Ostrowe* v. *Lee,* 256 N. Y. 36; *Teichner* v. *Bellan,* 7 A D 2d 247, 252; Ann. 51 ALR 2d 552). Here the defense is pleaded in the amended answer several times although the word "absolute" is not used. Furthermore, the defense of absolute privilege was urged on appellant's motions after the rendering of the verdict (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.05).

The decision as to whether, under the circumstances, a privilege exists is for the court and not the jury (*Cheatum* v. *Wehle,* 5 N Y 2d 585, 594; 3 Restatement, Torts, § 619). The absolute privilege of a governmental officer exists where he acts in connection with his official duties. The trial court properly charged that appellant was acting in his official capacity (see *Sheridan* v. *Crisona,* 14 N Y 2d 108, 112–113; *Cheatum* v. *Wehle, supra*). The question of absolute privilege being a matter for the court the failure to except to the charge for not including it did not prevent the court from granting appellant's motion made after the verdict.

The privilege to criticize a public official and his corresponding privilege to respond with or initiate "defamatory statements made in the due course of his official duties" (Glasser, Torts and Workmen's Compensation, 1964 Survey of N. Y. Law, 16 Syracuse L. Rev., p. 393) go hand in hand (see *Garrison* v. *Louisiana,* 379 U. S. 64, 74). That there exists a Federal constitutional right to comment adversely upon the actions of public officials has recently been determined by the United States Supreme Court in *Henry* v. *Collins* (380 U. S. 356); *Garrison* v. *Louisiana* (*supra*), and *New York Times Co.* v. *Sullivan* (376 U. S. 254).

There can be little doubt that appellant as the principal town official, Supervisor, is in the class covered by the absolute privilege. *Sheridan* v. *Crisona* (*supra*) clearly extended the doctrine to municipal officers. "The absolute privilege to act in the course of official duties should not turn on the size of the population of the municipality served, but rather on the nature and extent of the duties which are performed (Prosser, Torts [2d ed.], § 95, p. 612)." (*Smith* v. *Helbraun,* 21 A D 2d 830.)

(See, also, *Lombardo* v. *Stoke,* 24 A D 2d 574; *Gilberg* v. *Goffi,* 21 A D 2d 517, affd. 15 N Y 2d 1023; *Matter of Board of Higher Educ.* v. *Carter,* 26 Misc 2d 989, mod. 16 A D 2d 443, mod. 14 N Y 2d 138; *Kurat* v. *County of Nassau,* 47 Misc 2d 783 [very similar to case at bar]; *Chiappinelli-Marx* v. *Pacitto,* 46 Misc 2d 611.)

Lastly, respondent failed in her obligation to prove malice. The burden of establishing the falsity of appellant's statement rested upon respondent and the issue of truth or falsity was never reached. Concluding as we do that appellant had an absolute privilege (*Sheridan* v. *Crisona, supra*), would grant immunity to appellant in any event for the court there stated (p. 114) that "The absolute privilege to which defendant is entitled is a complete bar to this action in libel, regardless of whether the publication was motivated by malice or that the matter so published was false and defamatory". A finding of malice in the record before us would certainly be against the weight of the evidence. Respondent failed completely in her burden of proving falsity, or that appellant knew of its falsity, or that he acted in such a reckless manner as to show a disregard of whether it was true or false, or that he was motivated by ill will and a desire and intention to injure, or that what he said and did was not connected with nor had any reasonable relation to his official duties. Under these circumstances this case should have never reached the jury and its verdict should be set aside, the judgment vacated and the complaint dismissed.

BASTOW, J. P., GOLDMAN, HENRY, DEL VECCHIO and MARSH, JJ., concur.

Judgment unanimously reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs.