■ KARLENE CLARK, Respondent, v DORLAN McGEE, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered December 13, 1978 in Clinton County, which, inter alia, denied defendant's cross motion for summary judgment. At issue is whether the defendant, a Super-

visor of the Town of Peru and chairman of its town board, is cloaked with absolute privilege with respect to certain allegedly defamatory statements made about the plaintiff to the news media. A controversy developed as to whether the plaintiff, who had served as secretary to the Town Board of Peru, had falsely amended a budget item establishing the secretary's salary for 1978 at $3,500. The defendant was contacted by a local radio station regarding the matter. He was quoted as saying: "The work is done in Mrs. Clark's hand, and I would assume that the changes were made by her as they are in her hand. She also gave me a payroll book which listed her name by the position of secretary, with the figure $3,500 which she was aware to my knowledge, was aware that the figure was only $3,000." It is established law that absolute privilege extends to communications by a public official made in the course of his duties *(Toker v Pollak,* 44 NY2d 211; *Gautsche v State of N. Y.,* 67 AD2d 167). Town supervisors are within the protected category *(Sheridan v Crisona,* 14 NY2d 108; *Duffy v Kipers,* 26 AD2d 127). The defendant's statement was made to the press for public debate in response to a request for same. Defendant was acting pursuant to his duties in releasing the information to the public on an issue of legitimate public concern. Defendant was entitled to summary judgment on the ground of absolute privilege. Order reversed, without costs, on the law; defendant's cross motion granted, and complaint dismissed. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.