■ ANGELO J. APONTE, as Commissioner of the New York City Department of Consumer Affairs, et al., Respondents, v NEWMARK & LEWIS, INC., Appellant.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 12, 1990, which dismissed defendant's counterclaims for failure to state a cause of action, unanimously affirmed, with costs.

We do not find it necessary to decide whether all of defendant's counterclaims should have been dismissed, without leave to replead, for failure to plead compliance with the 30-day waiting period required under Administrative Code of the City of New York § 7-201. However, we affirm the dismissal of the counterclaims for defamation, excepting the sixth, for the reason that the allegedly defamatory statements are protected by absolute privilege, a point raised by plaintiffs in their motion to dismiss the counterclaims.

Defendant's two-page advertisement of November 1, 1989 accused plaintiff Department of Consumer Affairs (DCA) of harassment and selective enforcement, suggesting that defendant had been unfairly targeted for enforcement action because of its purported initiative in bringing about standardization in the advertising of electronic goods, and indeed for its purported authorship of the very guidelines under which it was sued. In order to protect the image and reputation of the agency, plaintiff was entitled to assure the public that such was not the case, and to do so without fear of reprisal *(Clark v McGee,* 49 NY2d 613, 620-621; *Lombardo v Stoke,* 18 NY2d 394, 401-402).

Even if the statements made herein were only protected by a qualified privilege, affirmance would nevertheless be warranted. The first and fifth causes of action allege libel based on Commissioner Aponte's statements to the media that "this

is the first time I have seen a company respond to a law suit by buying advertising that we believe to be as misleading as the ads promoting its goods." The record reveals a large number of consumer complaints against the defendant, and several occasions wherein the defendant executed Assurance of Discontinuance agreements with the DCA or pleaded guilty. In the light of this background, it is clear that defendant could not establish actual malice by clear and convincing evidence *(Anderson v Liberty Lobby,* 477 US 242).

In *Barr v Matteo* (360 US 564, 571), which has been cited with approval by the Court of Appeals *(see, Lombardo v Stoke,* 18 NY2d, *supra,* at 399), the Supreme Court stated: "It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government." We believe that the employment of "rigid pretrial scrutiny to eliminate frivolous claims" is appropriate to provide sufficient protection to officials of government against the perils described in *Barr v Mateo (Chamberlain v Mathis,* 151 Ariz 551, 559, 729 P2d 905, 913; *see, Anderson v Liberty Lobby, supra).*

We have considered defendant's other counterclaims, and find that they do not state causes of action for the reasons stated by the IAS Court. Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.