■ KENT A. KROEMER, Appellant, v R. MICHAEL TANTILLO, Respondent. [706 NYS2d 538] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff commenced this action seeking damages for a defamatory statement defendant allegedly made about plaintiff in an August 5, 1997 television interview. Plaintiff was convicted in 1989 of various drug charges and received concurrent sentences of 15 years to life. Plaintiff alleges that, during a news program about the

Rockefeller Drug Laws, defendant ascribed certain illegal activity to plaintiff and that the statement made by defendant was false. Supreme Court erred in granting defendant's motion to dismiss the complaint on the ground of absolute privilege.

"[A]bsolute privilege is based upon the personal position or status of the speaker and is limited to the speaker's official participation in the processes of government" (*600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 135, *rearg denied* 81 NY2d 759, *cert denied* 508 US 910; *see, Park Knoll Assocs. v Schmidt*, 59 NY2d 205, 209). Defendant's comments to the reporter were not absolutely privileged (*see, Clark v McGee*, 49 NY2d 613, 620-621). We also reject the contention that defendant's statement constitutes proper retort. The right to retort is limited to those cases in which the retort is made in connection with the speaker's official duties (*see, Duffy v Kipers*, 26 AD2d 127, 129; *see also, Aponte v Newmark & Lewis*, 176 AD2d 502).

Defendant contends in the alternative that he is entitled to qualified privilege. Qualified privilege is an affirmative defense that must be pleaded and proved by the defendant (*see, Duffy v Kipers, supra*, at 129). Thus, consideration of the issue of qualified privilege is premature where issue has not yet been joined. (Appeal from Order of Supreme Court, Ontario County, Scudder, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.