LUCILLE NICOL, Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

In the Matter of the Application of LUCILLE NICOL, Petitioner, for a Mandamus Order against CHARLES L. CRAIG, as Comptroller of the City of New York, Respondent.

Supreme Court, Kings County, September 17, 1925.

Schools — district superintendent of schools of New York city — plaintiff does not possess qualifications required by Education Law, § 869 — by-laws of board of education, § 40, which merely restated Greater New York charter, § 1079, is not valid by-law adopted under Greater New York charter, § 1068 — said by-law is not saved by saving clause in Laws of 1917, chap. 786, § 4, which chapter added § 869 to Education Law and which repealed Greater New York charter, §§ 1068 and 1079 — plaintiff was not legally appointed district superintendent of schools.

The plaintiff, who possessed the qualifications required by section 40 of the by-laws of the board of education of the city of New York for district superintendent of schools, who was appointed after the enactment of section 869 of the Education Law, requiring higher qualifications, and who does not possess the qualifications required by section 869, was not legally appointed and is not entitled to hold that office, since it appears that section 40 of the by-laws is a mere restatement of section 1079 of the Greater New York charter and does not supplement the statute, and is not, therefore, a valid by-law adopted under section 1068 of the Greater New York charter, and that, therefore, said by-law was not saved by the saving clause in section 4 of chapter 786 of the Laws of 1917, which chapter enacted section 869 of the Education Law.

ACTION by the plaintiff, a district superintendent, against the board of education to have her appointment declared valid, and also an application for a mandamus order to compel the comptroller of the city of New York to pay the petitioner her salary.

*Meier Steinbrink,* for the plaintiff and petitioner.

*Frank B. Gilbert,* for the State Commissioner of Education.

*William E. C. Mayer,* for the Board of Education and the Comptroller, Charles L. Craig.

CARSWELL, J.:

The board of education appointed plaintiff a district superintendent in November, 1923. The board appointed her on the theory that she had the qualifications prescribed by section 40 of the by-laws of the board of education. It assumed that said section 40 was then in force and effect. The State Commissioner of Education in a proceeding to which said Nicol was not a party subsequently held that the board's action in appointing said Nicol was invalid in that section 40 of the by-laws had been superseded by section 869 of the Education Law, enacted by Laws of 1917, chapter 786, and also held that said Nicol's qualifications did not satisfy section 869.

This action is brought by said Nicol against the board of education of the city of New York to have a declaration that her appointment by said board was valid and to restrain said board from acting upon an order of the State Commissioner of Education directing said board to annul her appointment. A mandamus order is also sought in a separate proceeding against the comptroller of the city of New York requiring him to pay said Nicol her salary as district superintendent of schools for the month of April upon the ground that her appointment was valid and that the said State Commissioner of Education's direction to nullify her appointment is invalid.

If section 40 of the by-laws of the board of education of the city of New York was in effect in November, 1923, the plaintiff's appointment as district superintendent was valid. If that by-law had been superseded previous to November, 1923, by section 869 of the Education Law, her appointment was invalid. When section 40 of the by-laws was adopted the board of education acted under section 1068 of the charter of the city of New York (Laws of 1901, chap. 466). That section provided that the board of education should have the power to enact by-laws, rules and regulations upon certain specified subjects. In that charter section there was no specific reference to district superintendents. That charter section had for its purpose the authorizing of the adoption of regulations supplementing statutory provisions contained in the charter at that time. The board when it enacted section 40 of the by-laws set out therein substantially word for word section 1079 of the charter so far as it related to district superintendents. The by-law thus

enacted did not supplement any then existing statute. It merely restated a statute.

When section 869 of the Education Law was enacted in 1917, sections 1068 and 1079 of the charter were specifically repealed. In that repealer (Laws of 1917, chap. 786, § 4) the following provision was made: " The rules and regulations adopted by a board of education in pursuance of any law hereby repealed shall continue in full force and effect notwithstanding such repeal, until the same are modified, amended or repealed by the board of education as provided in this chapter."

The board of education of the city of New York never repealed section 40 of its by-laws. It is claimed that section 40 of the by-laws is still in full force and effect despite the repeal of section 1079 of the charter, of which section 40 is a partial counterpart. If section 40 of the by-laws had validity by force of the power vested in the board of education under former section 1068 of the charter, independent of former section 1079 of the charter, this contention might be sound. But it had no such validity independent of section 1079 of the charter. Section 1068 of the charter did not authorize the board to adopt a statute as a by-law under the guise of supplementing a statute, so as to give the by-law validity independent of the statute. Section 40 of the by-laws in so far as it related to the qualifications of district superintendents of schools was a futility. It had no force and effect independent of or because of section 1079 of the charter, which it partially duplicated. It had no force and effect by reason of section 1068 of the charter, as it is confined to the authorizing of supplementing regulations and not statute duplicating provisions. The power of the board to adopt by-laws comprehended within it the right to make by-laws that would supplement existing statutes and that would conform to the standards erected in such statutes. It contemplated the making of detailed administrative regulations. Section 1068 must be so interpreted or it would fall foul of constitutional inhibitions against the delegating of legislative power. If it were not so construed so as to keep it within such constitutional limitations they would invalidate that charter section. Adopting a statute as a by-law is not a supplementing of a statute where that statute is self-executing. No provision in section 1068 of the charter, therefore, sustains the enactment of section 40 of the by-laws. Section 40 of the by-laws being a futility and a nullity, it is not continued in force and effect by the saving clause in section 4 of chapter 786 of the Laws of 1917. A nullity needs no repeal. The standard of qualifications of a district superintendent obtaining before 1917, because of section 1079 (set out in the by-law nullity as a counterpart of section 1079

of the charter) was eliminated by the repeal of section 1079 of the charter. The simultaneous enactment of section 869 of the Education Law provided the new standard in effect since 1917, which must be observed by the board of education of the city of New York in making appointments to the position of district superintendent of schools.

There is a rule of statutory construction that a saving clause which in its effect is directly repugnant to the body of the act containing it cannot be given such force as to render the statute inconsistent with and destructive of itself. This principle, applied to the situation herein, leads to the same conclusion, that section 869 of the Education Law, and not section 40 of the by-laws, is operative.

Although the plaintiff's fitness for the position as a matter of native qualification is not questioned, she did not possess the technical requirements set out in section 869 of the Education Law, because the college she graduated from in 1897 had not been approved as yet by the Regents. It was so approved in 1902. Her appointment was, therefore, invalid.

The motion to restrain the board of education from complying with the order of the State Commissioner of Education is denied. The motion for a mandamus order requiring the comptroller to pay the April salary of said position to said Nicol is denied.