In the Matter of the Application of LOUIS M. JAFFE and Others, Respondents, for an Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Appellants.

First Department, March 16, 1934.

*Henry J. Shields* of counsel [*William E. C. Mayer* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellants.

*Samuel E. Schrier* of counsel [*Harry Reiss* with him on the brief; *Schrier & Reiss*, attorneys], for the respondents.

MARTIN, J.   The petitioners herein have been appointed from an eligible list as substitute teachers to teach history, English and elocution in the public high schools of the city of New York. In their petition they allege that there are seventy-nine vacancies for teachers of history, one hundred and forty-seven vacancies for teachers of English, and thirty vacancies for teachers of elocution in the public high schools of the city of New York.   They further allege that the appellants are obliged by law to fill such vacancies when they occur, and that the practice followed by the appellants of appointing substitutes instead of regular teachers is unlawful. This proceeding was brought to compel the appellants to make regular appointments and to consider the petitioners' names for appointment from the respective lists upon which they appear.

The board of education says that the petitioners have no such rights as claimed; that the board is without sufficient appropriations to make appointments to regular positions; that the funds available are no more than adequate to provide for payment of substitute teachers; that the petitioners have an appropriate remedy by an appeal to the commissioners of education, which they have in fact taken; that the present attendance in the high schools is abnormally large because of the prevailing economic condition, and that such a condition will undoubtedly correct itself in a short time, when there will be no further demand for extra teachers.

The obligations resting upon the board of education are set forth in the Education Law.   Section 868 thereof refers to the various duties and powers of the board and subdivision 10 thereof reads as follows:

" 10. To perform such other duties and possess such other powers as may be required to administer the affairs placed under its control and management, to execute all powers vested in it, and to promote the best interests of the schools and other activities committed to its care."

The purpose of the statute and the duty of the board of education is " to promote the best interests of the schools."   Applying that test to the present case, we are of the opinion that the petitioners are not in a position to complain about the plan adopted by the board of education to meet the unusual needs of the present situation. The right to teach in the public schools is not a vested right.   (*Stetson* v. *Board of Education*, 218 N. Y. 301, 310.)   Rights more

firmly fixed than those sought to be enforced by the petitioners have been held unenforcible in the face of a public emergency such as exists at the present time.

The board of education has the sole discretion to act in matters providing for an increase in the teaching staff to meet an increase in school enrollment. Section 868 of the Education Law, in another subdivision thereof, provides as follows:

" Subject to the provisions of this chapter, the board of education in a city shall have the power and it shall be its duty   *   *   *

" 2. To create, abolish, maintain and consolidate such positions, divisions, boards or bureaus as, in its judgment, may be necessary for the proper and efficient administration of its work; to appoint a superintendent of schools, such associate, district and other superintendents,   *   *   *   teachers   *   *   *   as said board shall determine necessary for the efficient management of the schools."

In *Matter of Reif* v. *Schwab* (204 App. Div. 50, 54) it was held that the Education Law has cast upon boards of education as separate corporate bodies representing the State, the responsibility for furnishing an efficient system of education, and to that end it has clothed them with large powers, in the exercise of which they must act on independent judgment. (See *Matter of Cusack* v. *Board of Education*, 174 N. Y. 136; *People ex rel. Wooster* v. *Maher*, 141 id. 330.)

In the city of New York the board of education is charged with the administration of the public school system. The courts are not in a position to interfere therewith, to regulate the number of teachers to be appointed or to decide the question of the advisability or necessity therefor. It is clearly pointed out that there has been an extraordinary demand made upon the board to furnish teachers sufficient to meet the present increased attendance. The unusual demand is now abating. In a short time the services of many of the substitute teachers now required may be dispensed with without impairing the efficiency of the school system.

By the appointment of substitute teachers to these temporary positions the board has protected both the pupils and the city of New York and has thereby rendered a real service to the community. If every person who is dissatisfied with the manner in which the schools are being administered, or because of some selfish motive, may resort to the courts to compel the board of education to act in matters of discretion in the way that they would like to have the board act, it would be only a short time until we would be confronted with an intolerable and chaotic condition in the administration of the school system.   If the board of education is to be respon-

sible for the proper administration of the school system, we have no right to interfere with such administration.

The matter here for consideration is wholly within the discretion of the board. There has clearly been no abuse of that discretion requiring the courts to interfere therewith.

The order granting the peremptory mandamus should be reversed, with twenty dollars costs and disbursements, and the motion denied, with fifty dollars costs.

Finch, P. J., Merrell and O'Malley, JJ., concur; Untermyer, J., dissents and votes for affirmance.

Untermyer, J. (dissenting). I find no provision of law authorizing the appointment of teachers serving temporarily at reduced salaries, even though they be described as substitutes. On the contrary, section 872 (Subds. 1, 3 and 5) of the Education Law seems to me expressly to forbid it. Such appointments, if allowed, result in the creation of a new class of teachers serving temporarily and at reduced salaries instead of the permanent employment at uniform rates of compensation for which the statute provides. For these reasons I dissent and vote to affirm the order appealed from.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with fifty dollars costs.