Francis G. Hooley, J.
Motion under subdivision 6 of rule 109 of the Buies of Civil Practice for an order striking out the first, second, fourth and sixth separate and complete defenses contained in a second amended answer upon' the ground that the same are insufficient as a matter of law. The complaint alleges libel.
The first separate defense is insufficient in law. The defense is absolute privilege. The libel complained of herein was no part of the judicial proceeding, if it be assumed that the investigation was a judicial proceeding. The summoning of reporters and the giving out of a statement to them containing the alleged libel was something entirely outside of the acts of the defendant in making the investigation.
The second separate defense is insufficient in law. This defense asserts qualified privilege. The defendant claims that he was under a legal and moral duty to make the publication in order to prevent the spread of unfounded rumor and that such report was made in good faith and without malice. No authority is shown from which it would appear that the alleged defamatory matter was published by the defendant as part of his official duties. This defect was pointed out by the Appellate Division heretofore and is still present. Not only that, but if this claim were held to be sufficient, then in every case of a libel dealing with public affairs a defendant could assert that he published the libel in order to stop exaggerated reports. As an abstract proposition it may be said that the stopping of idle rumor should not be an excuse to injure the reputation of another and thus start more idle rumor.
The fourth separate defense is insufficient in law. While section 337 of the Civil Practice Act created an absolute immunity with respect to the publication of a fair report of a judicial, legislative or other public and official proceeding for reporters, editors, publishers or proprietors of a newspaper, it did not change the common-law rule that anyone could make a just and true report of an official proceeding if he did so without malice. (Mack, Miller Candle Co. v. Macmillan Co., 239 App. Div. 738, affd. 266 N. Y. 489; Lewis v. Chemical Foundation, 262 N. Y. *909 489.) The difficulty with the defendant’s position in this regard is that the innuendo or suggestion that the defendant was examining into the plaintiff’s bank account in connection with the disappearance of $50,000 from the Backets Bureau was more than a fair and true report of an official proceeding. No prosecuting officer or investigator is justified, in anticipation of finding evidence of wrongdoing, in making a public statement to the press which injures the reputation of any person. With due regard for the right of the public to be informed of the conduct of its officials, the time for such information to be given is after evidence of wrongdoing has been obtained. The rights of the individual, as well as the rights of the public, are to be considered.
The sixth separate defense is insufficient in law. In this plea of justification the defendant attempts to plead truth of the libelous statements as interpreted by him. While ordinarily the interpretation of an ambiguous innuendo is a question of fact for the jury (Finkle v. Westchester Newspapers, 235 App. Div. 817), in this situation there is no ambiguity or uncertainty in the statement and it seems clear that the statement went beyond the pleaded defense. Of course it was proper for the defendant to have published the fact that he was going to make an investigation into the District Attorney’s office, the Backets Bureau thereof, the alleged fur racket and into the expenditure of the $50,000 fund. But when the innuendo from the publication broadly intimated that such $50,000 had disappeared and that the defendant was going to examine plaintiff’s bank account in connection with such disappearance, the matters set forth in the defense do not constitute justification.
Motion granted with leave to serve a further amended answer within 10 days after service of a copy of the order to be entered hereon with notice of entry. Settle order on notice.