PERCY A. JOSEPH, Plaintiff, *v.* ELSIE E. SIEGEL et al., Defendants.

Supreme Court, Special Term, New York County, March 7, 1951.

*Alexander Bicks* and *Irving Abraham* for defendants.

*Eugene L. Bondy* for plaintiff.

BENVENGA, J. This is a motion to dismiss an amended complaint for insufficiency (Rules Civ. Prac., rule 106).

The complaint purports to state a cause of action for slander of title or property. This tort, at common law, consists in the publication of false and malicious statements, disparaging the

title or property interests of another, causing him special damage (*Kendall* v. *Stone,* 5 N. Y. 15, 18; 53 C. J. S., Libel and Slander, § 269). The tort rests upon the same general principle that underlies all torts involving affirmative action on the part of the wrongdoer — that one who willfully and intentionally injures another without just cause or excuse is liable to an action for damages (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 83–84; 1 Cooley on Torts [4th ed.], § 163).

The complaint alleges that plaintiff is an auctioneer, conducting his business at 42 West 47th Street, Manhattan, New York; that he is a statutory tenant of store space and, as such, entitled to remain in possession of the premises; that defendants, the landlords of the premises and their managing agent respectively, caused to be inserted in a daily newspaper an advertisement offering the premises '' for lease, * * * possession arranged '', and that the advertisement caused the plaintiff special damages.

Under subdivision (k) of section 8 of the Business Rent Law of 1945, as amended (L. 1945, ch. 314, as amd.), plaintiff, as a statutory tenant of the store in question, may not be removed from possession, unless the landlord receives and accepts a *bona fide* offer to enter into a noncancelable lease with a prospective tenant at a rental of $7,500 per annum or more for a term of not less than ten years, and the landlord offers to execute a lease containing the ·same terms and conditions with the tenant in possession, and such tenant fails, neglects or refuses to execute a lease within thirty days after tender of a copy thereof.

In order to obtain a prospective tenant, the landlord is permitted, among other things, to advertise the store '' for lease '' or '' for rent '' (*11 West 42nd St.* v. *Elzee Realty Corp.,* 277 App. Div. 434; *Powers* v. *Chambers,* 103 N. Y. S. 2d 762). Because of this ruling, plaintiff does not complain of the words '' for lease '', but alleges that in using the words '' possessior arranged '', it was the intention of defendants to advise the public that the landlord was in a position to oust plaintiff, and that plaintiff had no right to continue in occupancy; that, consequently, the advertisement constituted a slander upon the tenancy of the plaintiff, and the goodwill of his business.

It seems to me that the advertisement is not fairly susceptible of the interpretation which plaintiff places upon it. The meaning which he ascribes to the advertisement is strained and farfetched. The purpose of the advertisement, of course, was to attract prospective tenants — persons presumably familiar with the emergency rent laws. The object was to apprise such pro-

spective tenants that the premises were not vacant, and that though they could not obtain immediate possession, possession " could be " arranged. Probably, a person unfamiliar with the emergency rent laws might understand the phrase to mean either that possession " had been " arranged, or that possession " could be " arranged. In neither case, can it be said that the advertisement, read as a whole, is willfully and intentionally false, nor that it was published maliciously and without just cause or excuse.

Nor is the allegation of special damages, by reason of which the original complaint was dismissed (see *Joseph* v. *Siegel,* N. Y. L. J., Dec. 19, 1950, p. 1636, col. 3) sufficient. The loss of the tentative business does not constitute special damages because, on the plaintiff's own allegation, he never had the business. The transaction was in negotiation, subject to approval by the principals of the agent. The transaction was never consummated. However, even assuming the allegation to be sufficient, the complaint does not state a good cause of action, nor can such a cause of action, in the light of the conceded facts, be stated.

The motion to dismiss the complaint is, therefore, granted. Leave to plead anew is denied. Settle order.