James J. Conroy, J.
In this action for libel, defendant moves for summary judgment dismissing the complaint.
For some years prior to 1960 Solomon Silverman operated a retail dry goods store at In wood, Nassau County, New York. On December 20, 1960, Solomon died survived by his widow and daughter, the plaintiffs herein. His will was duly probated and letters testamentary were issued to his daughter, who is still acting as executrix. His widow was the sole beneficiary under his will and thus inherited his business at Inwood.
Defendant, a Delaware corporation, conducts a business of compiling information with respect to the credit, character and estimated financial strength of firms, corporations and individuals engaged in business and furnishes such information to its subscribers upon request therefor.
Plaintiffs allege that in February, 1961, defendant published a report that Solomon had died, that his estate was being contested and that his widow would not inherit under his will.
Defendant admits compiling a report with respect to Solomon and a report with respect to the estate of Solomon Silverman and that it furnished such reports to one of its subscribers upon request.
In compiling its reports defendant sent one of its employees to ascertain the facts. He reported that he had a conversation with decedent’s son-in-law. The son-in-law admits the interview but denies making the statements attributed to him. If this action hinged upon this point the disputed testimony would raise a question of fact necessitating a trial. For reasons hereinafter stated, however, this point is not deemed controlling.
Defendant has pleaded the defense of qualified privilege in that the reports were issued in good faith, without malice and in the belief that the matter therein stated was true. There are three additional defenses in mitigation but these need not be considered on this motion.
Unquestionably, the defense of qualified privilege is applicable here. In such case, in order to make defendant’s statements actionable plaintiffs must prove not only that the statements were false but that defendant was actuated by express malice or actual ill-will, or that its statements indicate wanton and reckless negligence on its part. (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 61.) It is apparent, however, that defendant made a reasonable effort to obtain the facts and while its reports were erroneous, it cannot be accused of wanton recklessness.
*15 Moreover, it should he noted that the only incorrect statement contained in defendant’s reports was that decedent’s will was being contested. The statement that Solomon had died was true and in neither of the reports did defendant state that Solomon’s widow would not inherit.
The statement that the will was being contested, while false, was not in itself defamatory. In such case it would be actionable only if the plaintiffs had sustained special damages. (King v. Sun Print. & Pub. Assn., 84 App. Div. 310, affd. 179 N. Y. 600; Woodruff v. Bradstreet Co., 116 N. Y. 217.)
In the Woodruff case defendant published a statement to the effect that a judgment for $4,000 had been rendered against the plaintiff who was engaged in business. The statement was untrue. The court, in holding that the statement was not libelous per se and that plaintiff would have a remedy only if he suffered special damages as a consequence of the false publication, observed that many controversies arising out of an honest difference of opinion go into the courts for determination and that litigation frequently stems from causes which involve no personal credit or default.
These observations apply with even greater force in the instant case where defendant did not state that judgment had been rendered against the plaintiffs but merely reported that the will was being contested. Conceivably the litigation could have terminated in favor of the plaintiffs.
Plaintiffs ’ failure to allege special damages would not be fatal on this motion if they showed that such damages exist, for the pleadings could be amended. But on a motion for summary judgment the parties are required to adduce evidentiary facts in support of their claim. (Shapiro v. Health Ins. Plan of Greater N. Y., supra, p. 63.)
Plaintiffs here have not shown any special damage and, accordingly, defendant’s motion for summary judgment dismissing the complaint is granted.