HERBERT B. SMITH, Respondent, v. HENRY HELBRAUN et al., Appellants.— In an action to recover damages for libel, the defendants appeal from an order of the Supreme Court, Westchester County, dated September 5, 1963, which, on granting a cross motion by plaintiff addressed to the defendants' respective amended answers under the former Rules of Civil Practice (rules 90, 102, 103, 109): (1) dismissed as insufficient in law the defense of absolute privilege asserted in each such pleading; (2) permitted said defenses to remain as defenses of qualified privilege only; (3) struck out certain subdivisions and paragraphs in such pleadings; and (4) dismissed as insufficient in law the defense of justification asserted in each such pleading. Order reversed, without costs, cross motion denied, and complaint dismissed, without costs. Plaintiff, the former Superintendent of Schools of the City School District of the City of Peekskill, sues in this action to recover damages for libel. At the time of the publication of the alleged libel, the defendants were members of the Board of Education of the City School District. The complaint alleges that the plaintiff was libeled by a resolution adopted by the defendants (as a majority of the members of the Board of Education) and published in the minutes of the board; and that in its preamble the resolution stated *inter alia*, concerning the plaintiff, that: "Whereas the Board of Education of the City of Peekskill feels that greater progress can be made in solving the educational problems of the district under new leadership and, Whereas in the opinion of this Board of Education, the presence of Dr. Herbert B. Smith in the schools of this district is detrimental to the best interests of the school district and to the education of the children therein". In the resolution's declaratory clause, the board resolved that the plaintiff be placed on indefinite leave of absence and that he be relieved of all duties in connection with the school system, but directed that his salary be continued to be paid to him during the balance of his term as Superintendent of Schools. The members of the Board of Education of a city school district have wide executive and administrative powers in the management and control of the educational affairs and interests within its charge (Education Law, § 2 subds. 14, 16; art. 51 [§ 2501 *et seq.*]), including the power to prescribe regulations and by-laws (Education Law, § 2503). In executing their duties, the members perform a State function of high importance to the people at large and within the city (*Matter of Board of Educ.* v. *Wilson*, 303 N. Y. 107, 113; *Matter of Divisich* v. *Marshall*, 281 N. Y. 170, 173; *Matter of Jaffe* v. *Board of Educ.*, 240 App. Div. 402, 403, affd. 265 N. Y. 160). Hence, the defendants are clothed with an absolute privilege for what is said or written by them in discharging their responsibilities (*Sheridan* v. *Crisona*, 14 N Y 2d 108, 112–113). The absolute privilege to act in the course of official duties should not turn on the size of the population of the municipality served, but rather on the nature and extent of the duties which are performed (Prosser, Torts [2d ed.], § 95,

p. 612). The resolution here concerned the continued service of the plaintiff as Superintendent of Schools, a subject clearly within the purview of the Board of Education (Education Law, § 2507; cf. *Matter of Nicol* v. *Board of Educ.*, 125 Misc. 678, affd. 212 App. Div. 216). The publication of the resolution in the minutes of the proceedings of the Board of Education was equally included in the performance of its duties (cf. *Matter of Lehrman* v. *Board of Examiners,* 22 Misc 2d 348, 350; *Matter of Flinn,* 154 N. Y. S. 2d 124, 127; Education Law, §§ 2116, 2121). Plaintiff's cross motion to dismiss the defenses was made prior to September 1, 1963, the effective date of the Civil Practice Law and Rules, though the order appealed from was made subsequent thereto. Under the practice prevailing prior to the new statute's effective date, a motion to dismiss a defense searched the sufficiency of the complaint as well (Rules Civ. Prac., rule 109). We may apply the same practice to the disposition of this appeal (CPLR 10003). In any event, we consider that our power to grant an accelerated judgment is no less broad (CPLR 3211). Since under the allegations presented in the complaint the defendants have an absolute privilege, we dismiss the complaint. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.