David L. Glickman, J.
This motion for summary judgment brought by defendant, School District, concerns itself .solely with the first cause of action asserted in plaintiff’s complaint. Under -said first -cause of action, plaintiff seeks a recovery on allegations of slander charged against the defendant, School District, purportedly -consisting of a statement by the acting assistant district principal for business affairs, of and concerning the plaintiff, to the effect that he, the plaintiff, had made suggestive passes at a group of girl students on his bus and had invited them to his house for a smoking and drinking party. It appears that at the time plaintiff was employed as a school bus driver by defendant, Baumann-Meyers, Inc., which had contracted with the School District to supply and operate school buses for the transportation of students. The defamatory words were said to have been spoken in the course of a telephone conversation with plaintiff’s employer, following receipt of a complaint from two eighth-grade girl students who were passengers in the bus operated by plaintiff.
It is the contention of the School District that the defamatory words, if uttered, were absolutely privileged by reason of this defendant’s public status as a School District; that the students’ *917 complaint was repeated to plaintiff’s employer in the discharge of the district’s obligation to protect the welfare of its students. The district argues further that, even if absolute privilege does not apply, it is nonetheless immune from plaintiff’s suit by reason of the existence of a qualified privilege, since plaintiff has failed to present any facts supporting a charge of malice.
The question thus posed is whether or not in this case the defendant, School District, can invoke the defense of privilege, either absolute or qualified, as a basis for defeating plaintiff’s cause of action against it. In the recent case of Smith v. Helbraun (21 AD 2d 830) the Appellate Division of this Department extended the protection of absolute privilege to members of a Board of Education. In that case, the court pointed out that the members of a Board of Education had wide executive and administrative powers in the management and control of educational affairs and interests within its charge, and that in executing their duties they performed a function of high importance to the people at large. Applying this criterion to the instant case, there appears to be no sound reason why a School District should not have available to it the same protection of absolute privilege since it also performs executive and administrative duties relating to educational matters within its control and performs a function that is of import to the people within the district. Implicit in its responsibilities is a regard for the health and well-being of its students. As the court said in the Smith case (supra)-. “The absolute privilege to act in the course of official duties should not turn on the size of the population of the municipality .served, but rather on the nature and extent of the duties which are performed ”.
In the case at bar, the employee of the School District, who it is claimed made the defamatory remark, is alleged to be, according to the complaint, a duly authorized representative of the district and, therefore, presumably acting for and in its behalf. The action is brought not against the employee, but against the School District. We are not concerned, therefore, with the employee’s privilege, but with the School District’s privilege. In this court’s judgment, the School District was engaged in the performance of a function which constituted an official duty when it advised plaintiff’s employer of the charges made by two of its students, and it was absolutely privileged in so acting. Plaintiff urges that defendant should have investigated the students’ charges before proceeding further, but this contention is of no weight where absolute privilege is involved, since the truth or falsity of the statement is irrelevant. (Sheridan v. Crisona, 14 N Y 2d 108.)
*918 In passing, it might be noted that plaintiff’s first cause of action is subject to successful attack even on the theory of qualified privilege. While the complaint contains the conclusory allegation of malice, no evidentiary facts are presented by the plaintiff on this motion for summary judgment supporting such allegation. The opposing affidavit is made by plaintiff’s counsel and is bare of any factual averments. Nowhere in the papers submitted on this motion is there any evidence that malice existed on the part of the defendant, either actual or by implication. So far as is shown, the defendant acted in the performance of what it deemed to be its duty and there is no indication, apparent from the submitted papers, that defendant’s action was in any way motivated by malice. Since a showing of malice is essential to overcome a defense of qualified privilege, it follows that plaintiff has failed to establish the existence of a triable issue in that respect, and the defense must prevail.
Defendant’s motion for summary judgment as to the first cause of action contained in the complaint is granted.