GEORGE W. HARDER, Appellant, *v.* AUBERGE DES FOUGERES, INC., et al., Respondents.

Third Department, November 30, 1972.

*George W. Harder,* appellant in person.

*O'Connell & Aronowitz (Max Gordon* of counsel), for respondents.

*Per Curiam.* This is an appeal from an order of the Supreme Court at Special Term, entered March 7, 1972 in Albany County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

The first cause of action alleged by appellant states, in part, that respondent " unlawfully, willfully, deliberately, and without just cause, refused to admit or seat plaintiff and his guests

for dinner service even though plaintiff and his guests (a) had made a bona fide reservation, (b) requested service, and (c) were ready, willing and able to pay any reasonable charges imposed by defendants for such meal.'' And further that, '' By reason of defendants' actions and failure to furnish plaintiff and his guests with appropriate accommodations in this restaurant, plaintiff and his guests were subjected to great inconvenience, humiliation, and insult and were exposed to public ridicule in the presence of a number of people in such restaurant. As a result of the activities of defendant, its officers, agents, representatives or employees, plaintiff and his guests were forced to leave this restaurant and proceed to another place for their meals. Because of the commotion caused by defendants, plaintiff was injured in his good name and reputation which was absolutely uncalled for and unwarranted ''.

The complaint must be viewed in the framework of our liberal rules of pleading, and if what is stated is a cause of action cognizable by the courts of this State, the pleading must be sustained (*Dulberg* v. *Mock,* 1 N Y 2d 54; *Richardson* v. *King,* 36 A D 2d 781; *Foley* v. *D'Agostino,* 21 A D 2d 60).

At common law, a person engaged in a public calling, such as an innkeeper or common carrier, was held to be under a duty to the general public and was obligated to serve, without discrimination, all who sought service. On the other hand, proprietors of private enterprises, such as places of amusement and resort, were under no such obligation, enjoying an absolute power to serve whom they pleased (*Madden* v. *Queens County Jockey Club,* 296 N. Y. 249, 253; *Woollcott* v. *Shubert,* 217 N. Y. 212, 216).

The reason for the rule that innkeepers could not refuse service to members of the public was to make travel throughout the King's domain possible. For whatever benefit and purpose the rule once served in ancient times, it has no relevance in the 20th Century, and should not be recognized for the purpose of distinguishing inns from other places of public accommodation. In our view, a restaurant proprietor should be under the same duty as an innkeeper to receive all patrons who present themselves '' in a fit condition '', unless reasonable cause exists for a refusal to do so.

Moreover, there is some authority indicating that the ancient rule is not well regarded. Blackstone stated that a cause of action would lie against '' an inn-keeper, or other victualler '' who refused to admit a traveler without cause (3 Blackstone's Comm., Sharswood ed., p. 166), and Judge CARDOZO found that a '' plaintiff, if wrongfully ejected from [a] café, was entitled

to recover damages for injury to his feelings as a result of the humiliation " (*Morningstar* v. *Lafayette Hotel Co.*, 211 N. Y. 465, 467). Although in *Morningstar* the plaintiff was a guest in the hotel wherein the cafe from which he was ejected was situated, there is nothing in the opinion to indicate that this was a crucial factor in the court's decision.

Furthermore, a proprietor of an inn or similar establishment is under a duty to protect his patrons from injury, annoyance, or mistreatment through the acts of his servants or employees (27 N. Y. Jur., Hotels, Restaurants, and Motels, § 43, p. 325; § 47, p. 329). The law imposes an obligation upon him to see that his agents and employees extend courteous and decent treatment to his guests, and holds himself liable in violation of this obligation by the use of insulting and abusive language. For these reasons we conclude that the allegations of the first cause of action adequately plead an intentional tort (59 N. Y. Jur., Torts, §§ 12, 22).

The order should be modified, on the law and the facts, so as to deny the motion to dismiss the first cause of action, and, as so modified, affirmed, without costs.

REYNOLDS, J. (dissenting). We would affirm. The complaint does not state a cause of action under common law or statute. Appellant does not claim or argue a cause of action for an intentional tort. We cannot agree with the dictum discussion which would extend the duty of a hotel owner to that of a restaurant under the case law.

HERLIHY, P. J., GREENBLOTT and KANE, JJ., concur in *Per Curiam* opinion; SIMONS and REYNOLDS, JJ., dissent and vote to affirm in an opinion by REYNOLDS, J.

Order modified, on the law and the facts, so as to deny the motion to dismiss the first cause of action, and, as so modified, affirmed, without costs.