Howard E. Bell, J.
Plaintiff, a former teacher at Seward Park High School, commenced this action for defamation against her former principal at the school. Defendant moves for summary judgment dismissing the complaint on the ground that the alleged libelous material was contained in an official report made to the superintendent of schools and that he, as principal, must be accorded the protection of absolute privilege.
At the close of each school year the principal was required to submit a report to the superintendent of schools evaluating the work of each teacher as "satisfactory” or "unsatisfactory”. If the work was evaluated as "unsatisfactory”, appropriate supporting data must accompany the report. The principal was required to serve a copy of this report on the assistant superintendent of schools (By-Laws of Bd. of Educ. of City of N. Y., art X, § 89 [7]). On June 19, 1973, defendant rated plaintiff’s work for the school year 1972-1973 "unsatisfactory”. The supporting data for the rating was contained in a letter, dated June 20, 1973, from defendant to the plaintiff. These documents were duly submitted to the superintendent and assistant superintendent of schools by the defendant, as required by the by-laws of the board of education.
The letter contained, inter alia, the following statement, "Insubordination in that she refused * * * to accept an assignment, resulting in the fact that she did not cover classes for about two months”. Plaintiff claims this statement to be false and defamatory and that defendant knew it to be false and defamatory when it was written and that it was published willfully "with actual malice”.
The issue presented by this motion is whether the defend *449 ant, under the circumstances here, is to be accorded absolute privilege. The protection of absolute immunity has been extended to certain executive officers of the government in the discharge of their duties. This has been certainly true with respect to heads of State and the major officers of executive departments of the Federal and State Governments (Cheatum v Wehle, 5 NY2d 585). However, there is some uncertainty as to just how far down the line the privilege extends. It has been held that the granting of such privilege to acts performed in the course of official duties should turn "on the nature and extent of the duties which are performed” (Smith v Helbraun, 21 AD2d 830; Sheridan v Crisona, 14 NY2d 108).
In recent years New York courts have cautiously extended the doctrine of absolute privilege. It was extended to executives of municipal governments in Sheridan v Crisona (supra, pp 112-113) wherein the court stated that "a Borough President acting within the scope of his official powers must be accorded the protection of absolute privilege”. Using Crisona as its authority, the Court of Appeals extended the doctrine to members of the Board of Higher Education in Lombardo v Stoke (18 NY2d 394). There the court said (p 400): "we have previously recognized that making the official statements of some government executives absolutely privileged is ' " 'essential in the conduct of official business’ ” ' * * * In our view, the members of the defendant Board of Higher Education are such executives and they should be free to report to the public on appropriate occasions 'without fear of reprisals by civil suit for damages’ ”. Also, the doctrine has been extended to members of a school district (Thompson v Union Free School Dist. No. 1 of Huntington, 45 Misc 2d 916) and to members of a board of education (Smith v Helbraun, 21 AD2d 830, supra).
The court is now being urged to extend the doctrine of absolute privilege to a high school principal who was acting within the scope of his official duty when he prepared the report in question and submitted it to his superiors. The Court of Appeals in Lombardo v Stoke (supra) declined to extend the doctrine to college presidents. The court stated (pp 398-399): "whether or not the president of a municipal college may, under appropriate circumstances, raise the defense of absolute privilege — as opposed to qualified privilege * * * is a question we do not now decide in view of the record before us”.
The absolute immunity from libel liability sought by the *450 defendant, herein, appears to be available to those employees of the board of education, acting within the scope of their official duties who have wide executive and administrative powers in the management and control of educational affairs and interest within their charge. In executing those duties they perform a function of high importance to the people of the city (cf. Smith v Helbraun, supra). There is no indication that the defendant has been entrusted with such responsibilities and he should not be clothed with absolute immunity. As Judge Keating stated in a concurring opinion in Lombardo v Stoke (supra, p 402): "The doctrine of absolute privilege should be sparingly extended”.
As principal of the high school, the defendant had a qualified privilege to make the defamatory statement about the plaintiff in his report to his supervisors. (Walker v Best, 107 App Div 304; cf. Green v Kinsella, 36 AD2d 677; Forsythe v Durham, 270 NY 141.)
In order to overcome that privilege malice must be shown (Andrews v Gardner, 224 NY 440, 446). In the complaint, supporting affidavits and exhibits, sufficient evidentiary facts have been presented to raise a question for the jury as to whether the defendant acted with malice in making the defamatory statement in question.
The motion for summary judgment dismissing the complaint is denied.