Frank S. Rossetti, J.
The claim herein is for money damages arising from an alleged defamatory statement by a New York State Health Department official that land owned by claimant was part of an unapproved subdivision (Public Health Law, §§ 1115-1120) and could not be sold.
Defendant’s instant cross motion for dismissal of the claim is on the grounds of lack of subject matter jurisdiction (CPLR 3211, subd [a], par 2) and failure to state a cause of action (CPLR 3211, subd [a], par 7). The State argues this court lacks subject matter jurisdiction because claimant is "in reality” asking for a declaratory judgment and we are without jurisdiction to grant such relief. It contends the claim fails to state a cause of action because: (a) the allegations of the claim do not make out an action for slander of title; and (b) the statement by the Health Department employee was absolutely privileged.
We find no merit to defendant’s jurisdictional argument. The claim clearly requests money damages and money damages only. The fact the determination of the claim may involve the judicial interpretation of the applicable statutes does not change the nature of the requested relief. Such interpretation would only be an adjunct to said relief, not a substitute for it.
*63 We also find the claim states a cause of action. It is unquestioned that modern pleading does not require the claim to have the correct label. Pleadings are to be liberally construed (CPLR 3026) and if the facts alleged state a cognizable cause of action, the claim must be sustained. (See, e.g., Harder v Auberge Des Fougeres, 40 AD2d 98, 99.) Whether called slander of title or injurious falsehood, it is beyond dispute that a cause of action exists for false disparagement of title resulting in an impairment of vendibility. (Lampert v Edelman, 24 AD2d 562, 563; Joseph v Siegel, 200 Misc 214, 215, affd sub nom. Joseph v Lutzky, 279 App Div 574, affd 304 NY 553.) Such action is based on the general principle that one who willfully injures without cause or excuse is liable for damages caused thereby. (Joseph v Siegel, supra, p 215.) The required elements are falsity, malice and special damages. (Kendall v Stone, 5 NY 14, 18, 19; Felt v Germania Life Ins. Co., 149 App Div 14, 16.) These are indisputably within the allegations of the instant claim.[1]
It is noted, parenthetically, the binder agreement was referable only to $33,000 of claimant’s total alleged damages of $116,000 and there are no allegations in the claim revealing the special nature of the other $83,000 of damages. However, while there is authority for dismissing parts of a cause of action (see Myer v Myer, 271 App Div 465, 476, affd 296 NY 979; Forse v Turner, 55 Misc 2d 810, 812; Gordon v Pushkoff, 67 NYS2d 873, 874, affd 272 App Div 872), we do not think it proper where such relief was not requested (see Fernwood Trout Hatchery v State of New York, 50 AD2d 1035) and where the instant application was addressed to the entire claim. (See Richardson v Coy, 28 AD2d 640.) CPLR 3211 (subd [a]) does not by its language permit dismissal of part of a cause of action, an omission whose significance is underlined by the express provision for partial summary judgment in the succeeding rule. (See CPLR 3212, subd [e].) A similar case, *64 which permitted dismissal of that part of the claimed damages found legally nonrecoverable, did so only by converting the dismissal motion therein to a summary judgment motion under CPLR 3211 (subd [c]). (Amaducci v Metropolitan Opera Assn., 33 AD2d 542, 543; see, also, Tow v Moore, 24 AD2d 648, 649.) Affidavits sufficient for such conversion were not submitted herein (the damage issue was not discussed) and we believe a motion under CPLR 3024 (subd [b]) (see Goldman v City Specialty Stores, 285 App Div 880) or CPLR 3212 (subd [e]) (see Amaducci v Metropolitan Opera Assn., supra; see, also, Sondak v Dun & Bradstreet, 39 Misc 2d 13, 15) would permit a fairer and more complete determination of the issue.
As to absolute privilege, we find it inapplicable here. The doctrine of absolute privilege completely immunizes certain classes of persons from liability for defamatory statements, even though maliciously uttered. (Hyman v Press Pub. Co., 199 App Div 609, 611.) The privilege is accorded to some government executives as to statements made in and related to the exercise of their official duties. (Lombardo v Stoke, 18 NY2d 394, 400; Cheatum v Wehle, 5 NY2d 585, 592, 593; see, also, Spalding v Vilas, 161 US 483.) This executive immunity is based on policy considerations which posit that efficient government requires officials who are not subject (unjustly or otherwise) to the distracting inconveniences of civil litigation arising from the performance of their official duties. Such immunity permits the selected officials to discharge their duties without fear of civil retaliation, even though individuals may suffer injury from such discharge without being able to recover therefor. (Lombardo v Stoke, supra, p 400, 401; Cheatum v Wehle, supra, pp 592, 593; see, also, Scheuer v Rhodes, 416 US 232, 238-243; Barr v Matteo, 360 US 564, 568-576.)
The privilege does not extend to all who perform governmental functions (Peeples v State of New York, 179 Misc 272, 276) and, because of the possibilities of abuse and injustice, it should not be facilely extended. (See Pecue v West, 233 NY 316, 321; Andrews v Gardiner, 224 NY 440, 448; concurring opn of Keating, J., in Lombardo v Stoke, supra, p 402, cited in McAulay v Maloff, 82 Misc 2d 447, 450.) In determining which officials should be immunized, the key test is the nature and extent of the duties they perform. (Smith v Helbraun, 21 AD2d 830, 831; see, also, Scheuer v Rhodes, supra, pp 242-248; Barr v Matteo, supra, pp 573, 574), with the importance of *65 those duties being a significant factor therein. (See Lombardo v Stoke, supra, p 400; Sheridan v Crisona, 14 NY2d 108, 112; Smith v Helbraun, supra; McAulay v Maloff, supra, p 450.) Also significant is the form of the statement and the context in which it is made. Absolute privilege will not attach if the statement is deemed unwarranted (see Lombardo v Stoke, supra, p 401) or outside the course of official duty (see Cheatum v Wehle, supra; Jacobs v Herlands, 257 App Div 1050, 51 Misc 2d 907, 908, affd 259 App Div 823), although, if wholly outside the scope of employment, the State would not be liable. (Goodyear Aluminum Prods. v State of New York, 12 AD2d 692, 693.)[2] The limits of absolute privilege are not clear, however (Pecue v West, supra, p 320; McAulay v Maloff, supra, p 449), particularly since in most situations an official not entitled to absolute privilege should be able to invoke some form of qualified privilege. (See concurring opn of Van Voorhis, J., in Cheatum v Wehle, supra, pp 598-600; dissenting opn of Scileppi, J., in Lombardo v Stoke, supra, pp 402-404; Ward Telecommunications & Computer Servs. v State of New York, 83 Misc 2d 331, 341; McAulay v Maloff, supra, p 450; Follendorf v Brei, 51 Misc 2d 363; see, also, dissenting opns of Warren, Ch. J., and Brennan, J., in Barr v Matteo, supra, pp 578-586 and 586-592, respectively.) The situation is thus not usually a black and white one and we believe any determination of the reach of absolute privilege should analyze the subject official’s duties in the context of the above-stated policy considerations and ascertain whether such duties require the application of the extreme protection afforded by absolute privilege.
On the record before us, we do not believe the State employee has been shown entitled to absolute privilege. Generally privilege is an affirmative defense to be pleaded and *66 proved by defendant (Ostrowe v Lee, 256 NY 36, 41) and the defendant thus has the burden of proof. (Bounds v Mutual of Omaha Ins. Co., 37 AD2d 1008.) Although the State is not required to answer herein (see 22 NYCRR 1200.14, prior to Oct. 24, 1975 amdt), we believe the instant cross motion has properly raised the defense of absolute privilege. Also, it need not be particularly pleaded if discernible from the claim. (See Duffy v Kipers, 26 AD2d 127, 129; Follendorf v Brei, supra, p 365.) Nevertheless, defendant still has the burden of proof with respect thereto. The claim here does not disclose the nature and extent of the official’s duties and neither do defendant’s motion papers. A letter attached to claimant’s affidavit in opposition reveals said employee was a "District Sanitary Engineer” for the State Health Department, but our research was not able to determine the duties and responsibilities of that position. Apparently there are several levels of this position (see 10 NYCRR 11.101, 11.104), but the facts at hand fail to disclose even the applicable level herein. On such a record it would be unfair to both sides to attempt to determine whether the allegedly defamatory statement is absolutely privileged, particularly on a motion to dismiss (see Scheuer v Rhodes, supra, pp 249, 250). It appears defendant may be entitled to invoke a qualified privilege (see Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56, 60, 61; Lovell Co. v Houghton, 116 NY 520, 525, 526; Peeples v State, supra, p 276), but the allegations of malice in the claim preclude granting dismissal on that defense (see Teichner v Bellan, 7 AD2d 247, 252; Roberts v Pratt, 174 Misc 585, 587) and, in any event, the State argued only for absolute privilege, not qualified privilege. Were this a summary judgment motion and were there a more complete record, dismissal might be possible since once defendant establishes qualified privilege, the burden of proof is then on claimant to destroy it by showing actual malice.[3] (See Trails West v Wolff, 32 NY2d 207, 221; Shapiro v Health Ins. Plan of Greater N. Y., supra, pp 60, 61; Kremer Constr. Co. v Garfinkel, 31 AD2d 766; Kruteck v Schimmel, 27 AD2d 837; but see Kenny v Cleary, 47 AD2d 531, 532.) However, we cannot convert the instant dismissal motion to one for summary judgment because the papers at bar are not adequate for such conversion and, in any event, no notice thereof was given to the parties, as now required (see *67 CPLR 3211, subd [c], as amd by Proposal No. 4 of Judicial Conference Report to 1973 Legislature [Nineteenth Ann Report of NY Judicial Conference, 1974, p A62]). Therefore, treating this only as a motion to dismiss, on the limited facts and issues presented, we find that defendant has not sustained its burden of establishing entitlement to absolute privilege.
Accordingly, the State’s cross motion to dismiss this claim is denied.

. We are aware that in both Kendall v Stone (supra) and Felt v Germania Life Ins. Co. (supra), the actions were dismissed because the existence of signed contracts of sale made specific performance available and thereby negated specific damages. Here, however, the claim alleges no contract of sale was executed and only a binder agreement was signed. The papers before us are insufficient to permit a determination of whether said agreement could be specifically performed (see, e.g., 55 NY Jur, Specific Performance, §§ 19-21). Claimant’s affidavit in opposition fails to disclose the terms of the binder agreement, although it does indicate the binder preceded the preparation of a "proposed” contract of sale. One of the two briefs claimant submitted on this cross motion did allude to facts presumably precluding specific performance, but facts thus presented are not properly before us and were not considered.

. In this connection, one of the many cases cited by defendant’s counsel and substantially relied on is Thompson v Union Free School Dist. No. 1 of Huntington (45 Misc 2d 916). There the defendant school district was sued for alleged defamatory statements made by an acting assistant district principal to plaintiff’s employer. Said principal was not sued as a codefendant, but was alleged to be defendant school district’s duly authorized representative. In this posture, on a motion for summary judgment, the court considered the nature and extent of only the school district’s duties and not those of the acting assistant principal. This anomalous analysis can be justified (if at all) only on the narrow ground the acting assistant principal was not acting as such, but rather as a mere conduit for acts of the school district itself. It has no relevance here since the statement of the subject employee can by no realistic reasoning be considered a direct act of the Commissioner of the State Health Department or the Governor of the State of New York.

. Claimant already has such burden in order to establish his cause of action for slander of title. We note the disclosure requested by claimant in its companion motion herein may very well supply such proof (cf. Trails West v Wolff, supra, pp 221, 222).