OPINION OF THE COURT
Elrich A. Eastman, J.
Before the court is a motion to dismiss two petitions for extensions of placement, nunc pro tune, under section 1055 of the Family Court Act.
Upon a finding of abuse, dated April 14, 1976, the child was placed with the Commissioner of Social Services on October 8, 1976, for a period up to 18 months. The abuse consisted of the respondent mother feeding rat poison to the infant. After a criminal conviction for this act the respondent mother served a term of years in prison and was released on March 26, 1979. The placement period expired on April 8, 1978 without request for further extensions.
The commissioner next came before the court on December 6, 1979 upon filing a new neglect petition which was dismissed by the court for failure as a matter of law to state a cause of action. This de nova neglect petition recited facts substantially the same as set forth for these extensions of placement.
On December 10, 1979, the commissioner filed the said two petitions for extension of placement, nunc pro tune, one for the period April 8, 1978 through April 7, 1979, and the other seemingly for the period April 7, 1979 through April 6, 1980.
Nunc pro tune, is defined in Black’s Law Dictionary (rev 4th ed) as a "phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e., with the same effect as if regularly done.” (See People v Manieri, 4 Misc 2d 567.) The function of a nunc pro tune order is to correct irregularities in the entry of judicial mandates or like procedural errors. (Cornell v Cornell, 7 NY2d 164; see, also, CPLR 2001, 5019, subd [a].) It may not, however, serve to record a fact, such as the timely bringing of a petition for extension of placement pursuant to section 1055 of the Family *725 Court act as of a prior date, when such fact did not then exist. "The facts must exist, and then if the record of them is imperfect or incomplete, it may be amended, but if the record shows the actual facts then no order can be properly made for changing them so as to take the place of an act that was required to be previously performed.” (Mohrmann v Kob, 291 NY 181, 186, emphasis supplied.)
Thus, where process served on a defendant is jurisdiction-ally defective, it cannot be corrected by the court, since to permit correction would defeat the constitutional and statutory requirements for conferring personal jurisdiction on the court. (See Rockefeller v Hein, 176 Misc 659.) In Stock v Mann (255 NY 100, mot for rearg den 256 NY 545), the Court of Appeals observed that an order may not be made nunc pro tune which will rectify a jurisdictional defect by requiring something to be done which was not done. Likewise, the Commissioner of Social Services may not pull itself up by its bootstraps, by asking this court to issue an order nunc pro tune to create jurisdiction to extend placement pursuant to section 1055, where the placement and, thus, the court’s jurisdiction, expired more than 20 months ago. To do so would defeat the explicit limitation contained in section 1055 (subd [b], par [i]) of the Family Court Act.
The Law Guardian’s contention that a child in foster care has a due process right to a hearing before being returned to his natural parents is erroneous and was clearly rejected by the United States Supreme Court in Smith v Organization of Foster Families (431 US 816). There the court denounced the District Court’s weighing of the (at p 840) "harmful consequences of a precipitous and perhaps improvident decision to remove a child from [foster care]”.
Furthermore, since the commissioner’s failure to bring a timely petition has left the court without jurisdiction, the issue of the best interests of the child may not be reached in this proceeding. (Cf. Matter of Susan F., 59 AD2d 783.)
As to the question of prejudice to the respondent prior to her formal request for the return of the child, it is untenable that the burden of making formal demand for the return of the child should be borne by the respondent. Indeed, the court’s reasoning in Duchesne v Sugarman (566 F2d 817, 828) is particularly apposite here: "[T]he state cannot constitutionally 'sit back and wait’ for the parent to institute judicial proceedings * * * The burden of initiating judicial review *726 must be shouldered by the government. We deal here with an uneven situation in which the government has a far greater familiarity with the legal procedures available for testing its action.”
Nevertheless, this court has jurisdiction over questions of custody of children pursuant to subdivision (b) of section 651 of the Family Court Act and, acting in its role as parens patriae on behalf of the State, is responsible for protecting the interests of children who come before it. (Matter of Catherine S., 74 Misc 2d 154.)
The provisions of the CPLR are applicable to proceedings for the determination of the custody of children brought in Family Court. (Matter of Schmidt v Schmidt, 44 Misc 2d 661.) There being no provision in the Family Court Act or rules for the liberal construction of pleadings, the CPLR can be made applicable pursuant to section 165 of the Family Court Act. Under CPLR 3026 pleadings shall be liberally construed. By such liberal construction, if the facts stated set forth a cognizable cause of action, the pleadings must be sustained. (Mink Hollow Dev. Corp. v State of New York, 87 Misc 2d 61; Harder v Auberge Des Fougeres, 40 AD2d 98.)
By reason of the unusual circumstances present in this case and the best interests of the child, a plenary hearing is necessary as to the issue of the present custody of this child. (Matter of Bennett v Jeffreys, 40 NY2d 543.) Thus, construing these petitions liberally the court directs that they be treated as a petition for custody brought by the commissioner and fixes a hearing on the merits forthwith. (See Matter of Guardianship of Tamara I., 91 Misc 2d 995.)
Accordingly, the applications for extensions of placement are denied, and both petitions are treated simultaneously as a petition for custody of the infant child. A plenary hearing is fixed for January 18, 1980, Part V. Temporary custody of the child is awarded to the commissioner pending the outcome of said hearing.