■ GEORGE F. SUPAN, Respondent, v KAYE MICHELFELD et al., Appellants. — In an action to recover damages on various legal theories including, *inter alia,* Federal claims of denial of liberty and property and State claims of breach of contract and defamation, defendants appeal from an order of the Supreme Court, Dutchess County (Dachenhausen, J.), dated November 19, 1982, which denied their motion for summary judgment. Order modified, on the law, by adding thereto a provision granting summary judgment to the defendants, to the extent of dismissing the second, third, fourth, and fifth causes of action asserted in plaintiff's complaint, and by adding a provision that the denial of the motion for summary judgment with respect to the remaining causes of action is without prejudice to renewal upon the completion of discovery proceedings. As so modified, order affirmed, without costs or disbursements. In August, 1981, plaintiff was hired by defendants to be the business administrator of the Warwick Valley Central School District for a three-year period. Although plaintiff claims that he told defendants that he lacked the New York State certificate for the position of school business administrator and still needed to complete a course before he applied for it, defendants state that they were under the impression that plaintiff would be certified by the time he took the position. Upon accepting the position, plaintiff executed a teacher's probationary appointment notice. The notice stated that plaintiff was appointed to be business administrator of the district for a probationary period of one year of the three-year period of his employment. Approximately six weeks later, on October 1, 1981, plaintiff informed defendant superintendent of schools that he had not yet completed the requisite courses for proper certification. On October 6, 1981 the members of the board of education met in executive session to discuss plaintiff's continued employment in the school district. After the meeting, plaintiff was confronted by the defendant president of the board of

education and the superintendent. They told him that in the meeting, the defendant vice-president of the board accused him of dishonesty and deceiving the board into believing that he was certified. Plaintiff was told to resign immediately or his employment would be terminated by the board. Plaintiff resigned that same evening. After the resignation, two local newspaper articles reported the incident. Although they stated that plaintiff resigned because he lacked the proper certification, the tenor of the articles was that the entire incident was the result of a misunderstanding. Neither article stated that plaintiff was dishonest or had deceived the board. In March of 1982, plaintiff filed a complaint against defendants asserting six causes of action. They were: (1) that by terminating his employment without a hearing in a manner that stigmatized his reputation, defendants deprived plaintiff of his liberty without due process of law as protected by the 14th Amendment of the United States Constitution; (2) that he suffered intentional infliction of harm by being forced to resign (prima facie tort); (3) that he was deprived of his right to property without due process of law; (4) that he was abusively discharged and coerced into resigning; (5) that defendants breached a contract with him; and (6) that defendants defamed him. Defendants moved to dismiss the complaint on the ground that it failed to state a cause of action. By order dated May 14, 1982, the motion was converted into one for summary judgment and the return date was adjourned to allow the parties to submit additional evidence. In the meantime, plaintiff obtained a job approximately 60 miles away from his home. On November 19, 1982, Special Term denied summary judgment stating that there were triable issues of fact. If material facts are in dispute or if different inferences may reasonably be drawn from facts themselves undisputed, a motion for summary judgment must be denied (*Moskowitz v Garlock,* 23 AD2d 943; *Gerard v Ingelse,* 11 AD2d 381). However, no issues of fact exist on four of plaintiff's six claims. There was no breach by the defendants of any contract between plaintiff and the board of education. Pursuant to section 3012 (subd 1, par [b]) of the Education Law, the administrative position held by plaintiff is to be filled by appointment by the board of education for a probationary period of three years. Plaintiff signed a teacher's probationary appointment notice that acknowledged that he was on probation. Plaintiff was an at-will employee of the defendant board whose employment could be terminated at any time during the probationary period. Thus, there can be no action for breach of contract. Plaintiff's claims in prima tort, abusive discharge and coercion are also without merit and should be dismissed. The claim in prima facie tort must be dismissed since plaintiff fails to allege special damages (*Wehringer v Helmsley-Spear, Inc.,* 91 AD2d 585). In addition, defendants have demonstrated ample justification for their actions since a business administrator is required to have the proper certificate (8 NYCRR 80.4 [a]). Plaintiff's claim of abusive discharge and coercion must be dismissed since New York does not recognize the tort of abusive discharge for an at-will employee (*Murphy v American Home Prods. Corp.,* 58 NY2d 293). In the case at bar, the board of education had an unfettered right to terminate plaintiff's employment during his probationary period, as long as it was not terminated for a constitutionally impermissible purpose or in violation of statutory proscription (*James v Board of Educ.,* 37 NY2d 891). Plaintiff's Federal property claim should also be dismissed. As an at-will employee, he has failed to establish a sufficient property interest in his job to warrant a pretermination hearing (*Board of Regents v Roth,* 408 US 564; *Matter of Bloomburg-Dubin v Board of Educ.,* 82 AD2d 854, affd 56 NY2d 555; *Matter of Leizer v Ambach,* 91 AD2d 1117). Nor has plaintiff established a *de facto* system of tenure in the instant case (*Perry v Sindermann,* 408 US 593). Plaintiff does, however, sufficiently allege two causes of action, concerning which he should at least be

allowed to conduct discovery. In order to establish a Federal claim for a deprivation of liberty without due process of law, plaintiff must allege: (1) that the board made false charges, (2) that the charges impact upon his reputation or stigmatize his future employability, (3) that the charges were made public, and (4) that no hearing or opportunity was given to refute the charges (*Board of Regents v Roth, supra*, p 573; *Goetz v Windsor Cent. School Dist.*, 698 F2d 606; *Quinn v Syracuse Model Neighborhood Corp.*, 613 F2d 438). By alleging that upon his termination, the board falsely charged him with dishonesty and deception without a hearing to clear his name, plaintiff has set forth three of the four criteria. There is a question as to whether these charges were made public. Defendants claim that the only reason made public for plaintiff's resignation was his lack of certification. This is supported by the newspaper articles attached to plaintiff's own affidavit. However, plaintiff also alleges that he believes that the false charges were also entered in the school records, the records of the School Boards Association and the Association for School Business Officials, and that officials in those organizations know of the charges. If this is true, then plaintiff has satisfied the criteria for establishing a deprivation of liberty claim. There is a sufficient issue of fact to allow plaintiff to depose defendants and otherwise seek discovery as to whether the stigmatizing information was disseminated publicly by defendants (see *Goetz v Windsor Cent. School Dist., supra*). Should plaintiff fail, after conducting discovery proceedings, to establish that the information was made public, defendants may renew their motion for summary judgment. Plaintiff has also successfully alleged a claim for slander per se on the part of defendants, by alleging that they knowingly and maliciously accused plaintiff of dishonesty and that this accusation negatively affected plaintiff in his profession (*Privitera v Town of Phelps*, 79 AD2d 1, app dsmd 53 NY2d 796). As members of a board of education, defendants normally enjoy an absolute immunity from all defamation claims (*Stukuls v State of New York*, 42 NY2d 272, 279; *Smith v Helbraun*, 21 AD2d 830). However, this immunity only protects defendants in discharging their responsibilities (*Smith v Helbraun, supra*). When the members of the board made those charges while in the process of terminating plaintiff's employment, they were clearly acting within their responsibilities. Plaintiff, however, alleges that defendants republished their charges by repeating them to the afore-mentioned outside organizations. Such a republication could have been outside the scope of the defendants' duties and thus they might not have an absolute privilege with respect thereto. Therefore, as in the deprivation of liberty claim, plaintiff should be allowed to conduct discovery to ascertain whether the alleged defamatory remarks were repeated to specific outside organizations and officials, the relationship of those organizations and officials to the defendants, and the circumstances under which such remarks, if any, were made. O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.